# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

GRANT BURGET,                    )
                                 )
        Plaintiff,          )
                                 )
vs.                              )    Case No. CIV-09-1015-M
                                 )
CAPITAL WEST SECURITIES, INC.,   )
                                 )
        Defendant.          )

## ORDER

Before the Court is Plaintiff's Motion to Strike Certain Defenses or for Judgment on Such Defenses with Authority [docket no. 12], filed November 4, 2009. On November 20, 2009, defendant filed its response, and on November 30, 2009, plaintiff filed his reply. Based upon the parties' submissions, the Court makes its determination.

I.    INTRODUCTION

This action arises from plaintiff's employment with defendant as an account executive/ financial advisor from approximately 2002 until he was terminated in October 2008. Plaintiff experienced a heart attack and stroke in mid-September 2008 and suffered mental and physical impairments as a result. Allegedly, plaintiff "was terminated within about a month of suffering a heart attack and seeking a job accommodation." Motion, at 7. Plaintiff commenced this action to recover for defendant's failure to accommodate and his termination following the request. After the action commenced, defendant filed his Answer to plaintiff's Amended Complaint. Plaintiff now alternatively moves either for judgment on the pleadings or to strike insufficiently pled affirmative defenses.

1

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Because striking a portion of a pleading is a drastic remedy and because a motion to strike may often be made as a dilatory tactic, motions to strike under Rule 12(f) generally are disfavored. *See Colo. Milling & Elevator Co. v. Howbert*, 157 F.2d 769 (10th Cir. 1932) (observing that courts should proceed with extreme caution in striking a pleading). While motions to strike are generally disfavored, the decision to grant a motion to strike is within the discretion of the court. *Scherer v. United States Dep't of Educ.*, 78 Fed. Appx. 687, 689 (10th Cir. 2003).

## III. DISCUSSION

Plaintiff moves to strike the affirmative defenses in paragraphs 5, 7, 8 and 9 from defendant's Answer pursuant to Rule 12(f). The two grounds for sustaining this Rule 12(f) motion are: (1) the legal insufficiency of the defense as to paragraphs 5 and 8, and (2) insufficiency of the pleading as to paragraphs 7 and 9. The paragraphs in controversy allege:

> 5. To the extent Plaintiff failed to take advantage of preventative and corrective opportunities offered by CWS or to make complaints of any alleged employment discrimination or retaliation, Plaintiff[']s claims are barred.
>
> 7. Any and all claims beyond the scope of the underlying charge of discrimination are barred.
>
> 8. While CWS denies that any unlawful actions occurred, Plaintiff failed to take advantage of any preventative or corrective opportunities provided by CWS or to otherwise avoid harm.
>
> 9. To the extent Plaintiff's claims are based upon conduct allegedly occurring prior to the applicable statute of limitations, such claims are time barred.

Answer, at 4.

### A. Pleading Standard for Affirmative Defenses

It is axiomatic that an Amended Complaint must contain enough facts to state a claim to relief that is plausible on its face. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). However, the Tenth Circuit has not determined whether the plausibility standard at the pleading stage differentiates between plaintiffs and defendants.

The Courts of the Western District of Oklahoma have taken various positions concerning whether the pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) extends to affirmative defenses when considering motions to strike. One decision of the Court declined to extend *Twombly* under these circumstances. *See Christine Henson v. Supplemental Health Care Staffing Specialists*, No. CIV-09-397-HE (W.D. Okla. July 30, 2009) (unpublished). In another decision from the Western District of Oklahoma, the Court declined to address whether the guidelines set forth in *Twombly* applied to affirmative defenses. *See Schlottman v. Unit Drilling Co.*, No. CIV-08-1275-C, 2009 WL 1764855, at *1 (W.D. Okla. June 18, 2009). In contrast, another decision from the Court has recognized that Rule 8, governing the sufficiency of pleadings does not differentiate between plaintiffs and defendants as follows:

> Unless and until the Tenth Circuit holds otherwise, this Court holds that affirmative defenses other than the failure to mitigate damages are subject to the pleading requirements of Rule 8, F.R.Civ.P. and *Bell Atlantic Corp*[.] *v. Twombly*, 500 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), as explicated with respect to claims, only, in *Bryson v. Gonzales*, 534 F.3d 1282, 1286-87 (10th Cir. 2008). Thus, unless the factual basis for an affirmative defense is clear from the face of the complaint, *e.g.*, where the claim asserted is clearly barred by the applicable statute of limitations, in which case the mere statement that the claim is barred by that statute is sufficient, a defendant must allege a sufficient factual basis or bases for his or its affirmative defense to show that the defense is plausibly viable on its

3

>face or sufficient factual matter from which a court can infer potential
>viability.

*Gibson v. Officemax, Inc.*, No. CIV-08-1289-R (W.D. Okla. Jan. 30, 2009) (unpublished).

This Court is persuaded the latter holding represents the better view.[1] An even-handed standard as related to pleadings ensures that the affirmative defenses supply enough information to explain the parameters of and basis for an affirmative defense such that the adverse party can reasonably tailor discovery. Furthermore, "the desire to avoid unnecessary discovery (and the time and expense associated therewith) required to ascertain that boilerplate affirmative defense assertions are just that, *i.e.*, lack any factual basis and are not viable; and the liberal standard for amendment of an answer to assert additional affirmative defenses when the factual bases for them becomes known." *Id.* Having articulated this Court's pleading standard for affirmative defenses, the Court now reviews the two grounds for sustaining this Rule 12(f) motion.

As plaintiff's Amended Complaint is one for termination which occurred less than a month after he suffered a heart attack and requested certain accommodations, plaintiff asserts that the defense, the failure to use internal remedies, must fail because it has no relationship to the facts alleged and is, thus, legally insufficient. In contrast, defendant asserts the problem with plaintiff's argument is that his Amended Complaint is not limited to the narrow allegation that plaintiff was terminated less than a month after he suffered a heart attack and requested certain accommodations; plaintiff's Amended Complaint also allegedly claims age discrimination, retaliation and, perhaps,

---

[1] This Court is also persuaded by the following courts which have addressed this issue, *see Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 53 F. Supp. 2d 620, 623 (S.D.N.Y. 2008); *T-Mobile USA, Inc. v. Wireless Exclusive USA LLC*, 2008 WL 2600016 (N.D. Tex July 1, 2008); *Safeco Ins. Co. of Am. v. O'Hara Corp.*, 2008 WL 2558015 (E.D. Mich. June 25, 2008); *United States v. Quadrini*, 2007 WL 4303213 (E.D. Mich. Dec. 6, 2007); *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, 2007 WL 2412834 (S.D. Fla. Aug. 21, 2007).

hostile environment. Plaintiff replies there is no allegation of a hostile environment but rather only an allegation of failure to accommodate and termination following the request.

The Tenth Circuit has established that the failure to use internal remedies is no defense to a Title VII claim based upon a tangible job action. *See Gunnell v. Utah Valley State College*, 152 F.3d 1253, 1260 (10th Cir. 1998) ("a Title VII plaintiff is not required to exhaust [the] employer's internal grievance procedures before filing suit."). Examples of tangible employment actions in which case no affirmative defense is available include discharge, demotion or undesirable reassignment. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998). Furthermore, "[a]n affirmative defense is insufficient if, as a matter of law, the defense cannot succeed under any circumstance." *Fed. Deposit Ins. Corp. v. Isham*, 782 F. Supp. 524, 530 (D. Colo. 1992).

Having reviewed the parties' submissions, the Court finds that the affirmative defenses pled in paragraphs 5 and 8 are legally insufficient. Specifically, plaintiff's failure to utilize defendant's internal remedies does not bar him from pursuing his failure to accommodate claim in this Court. The Court finds, therefore, the affirmative defense pled bears no relationship to the facts alleged in the Amended Complaint and cannot succeed under any circumstance. Accordingly, the Court grants the motion to strike and hereby strikes the affirmative defenses pled in paragraphs 5 and 8.

Plaintiff challenges the affirmative defenses pled in paragraphs 7 and 9 on the basis that they were inadequately pled and do not provide plaintiff with fair notice of the defenses. Defendant asserts that a motion to strike is inappropriate for a statute of limitations defense in that it necessarily involves mixed questions of law and fact. As defendant argues, it is only through discovery that it can find out whether plaintiff's claims are barred by the statute of limitations. Defendant further asserts that plaintiff's Amended Complaint also includes a vaguely asserted claim for discrimination

based on age, and that it would be forced to speculate as to any additional facts plaintiff may assert to support his age discrimination claim.

Having reviewed the parties' submissions, the Court finds that the affirmative defenses pled in paragraphs 7 and 9 are also legally insufficient, rather than insufficient as a matter of law. First, the Court finds that "plaintiff has made the narrow claim that he was terminated within about a month of suffering a heart attack and seeking a job accommodation," and any references in the Amended Complaint to age discrimination were inserted as "merely background and not part of the claim itself." As defendant identified that an age discrimination claim was contemplated in its asserted defense, the Court finds that the affirmative defense pled in paragraph 7 bears no relationship to the claim for relief given that plaintiff is not pursuing a claim for age discrimination.

As related to the statute of limitations defense in paragraph 9, the Court finds there is no plausible basis for this defense. Specifically, plaintiff's Amended Complaint alleges that he: suffered his health event in mid-September 2008, returned to work in late September 2008, requested an accommodation between September 27 and October 3, 2008, was terminated on October 8, 2009, filed a Charge of Discrimination on March 9, 2009 within 180 days of the termination, and that a Right to Sue letter was issued on September 16, 2009. Given that this suit was timely filed, the Court finds no basis for which plaintiff's "narrow claim" of the failure to accommodate could be time barred. Consequently, the Court finds that the statute of limitations defense is legally insufficient.

Accordingly, the Court grants the motion to strike, and hereby, strikes the affirmative defenses pled in paragraphs 7 and 9.

B.     Leave to Amend

Defendant has requested leave to amend its Answer in the event the Court finds its affirmative defenses insufficient. Leave to amend a party's pleading must be "freely given" when justice so requires, so long as there is no undue delay, bad faith, or dilatory motive. Fed. R. Civ. P. 15(a) and *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). The purpose of Rule 15(a) is to provide the parties "the maximum opportunity for each claim to be decided on its merits...." *Minter*, 451 F.3d at 1204.

As the affirmative defenses pled are legally insufficient as a matter of law, the Court finds that they cannot be resolved by amendment of the Answer. The Court, therefore, denies the defendant's request for leave to amend its Answer as related to paragraphs 5, 7, 8 and 9.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS the motion to strike and hereby STRIKES paragraphs 5, 7, 8 and 9 from the Answer. Furthermore, the Court DENIES defendant leave to amend its Answer.

**IT IS SO ORDERED this 8th day of December, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE