# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GRANT BURGET, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-09-1015-M |
| ) | |
| GEARY SECURITIES, INC., ) | |
| formerly known as CAPITAL WEST ) | |
| SECURITIES, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Geary Securities, Inc.'s Motion for Summary Judgment and Supporting Memorandum of Law [docket no. 53], filed August 6, 2010. On August 27, 2010, plaintiff filed his response, and on September 3, 2010, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.  INTRODUCTION

This action arises from plaintiff's employment as an Investment Executive with defendant, a full service broker-dealer firm. On June 1, 2002, plaintiff began his term of employment as an at-will employee at the age of 50 years. In August 2007, defendant, formerly known as Capital West Securities, Inc., was acquired by Geary Companies, Inc., and Keith Geary became defendant's Chairman and Chief Executive Officer. On September 18, 2008, plaintiff suffered a heart attack and stroke which required his hospitalization. Plaintiff took medical leave and later returned to work on September 26, 2008. On October 8, 2008, plaintiff was given the option of resigning his employment with defendant rather than having his employment involuntarily terminated, and plaintiff chose to submit his resignation.

On June 15, 2009, plaintiff filed the instant action alleging age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.*, discrimination based on handicap or disability, and retaliation, 42 U.S.C. § 12111, *et seq.*, all in violation of Oklahoma state law in the form of a *Burk* tort, as embodied in the Oklahoma Anti-Discrimination Act ("OADA"), Okla. Stat. tit. 25, § 1101, *et seq.* Plaintiff also brings a claim for wrongful discharge in violation of Oklahoma state law in the form of a *Burk* tort, as embodied in the Oklahoma Uniform Securities Act, Okla. Stat. tit. 71, § 1-101, *et seq.* Defendant now moves for summary adjudication as to plaintiff's claims.

II.     SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechanics v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."

*Neustrom v. Union Pacific R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

More than a "disfavored procedural shortcut," summary judgment is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.' Fed. R. Civ. P. 1." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). At the same time, a summary judgment motion does not empower a court to act as the jury and determine witness credibility, weigh the evidence, or choose between competing inferences. *Windon Third Oil & Gas v. Fed. Deposit Ins.*, 805 F.2d 342, 346 (10th Cir. 1986), *cert. denied*, 480 U.S. 947 (1987).

III.  DISCUSSION

    A.  Age Discrimination

Plaintiff alleges defendant discriminated against him on account of age in violation of the ADEA and Oklahoma state law. Under the ADEA, it is unlawful for an employer to discriminate against "any individual with respect to his compensation, terms, conditions, or privileges of employment, *because of* such individual's age." 29 U.S.C. § 623(a)(1) (emphasis added). The United States Supreme Court recently held:

> a plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove, by a preponderance of the evidence, that age was the "but for" cause of the challenged adverse employer action. The burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age, even when a plaintiff has produced some evidence that age was one motivating factor in that decision.

*Gross v. FBL Fin. Serv., Inc.*, --- U.S. ---, 129 S. Ct. 2343, 2352 (2009) (internal citation omitted). A plaintiff may prove causation using either direct or circumstantial evidence of discrimination. *Id.* at 2351.

3

In the Tenth Circuit, however, when a plaintiff relies on circumstantial evidence to establish discrimination, courts use the *McDonnell Douglas* three-step analysis to determine whether summary judgment is appropriate. *See Jones v. Okla. City Pub. Schools*, --- F.3d ----, 2010 WL 3310226 (10th Cir. Aug. 24, 2010) (observing that the *McDonnel Douglas* burden-shifting framework still applies to ADEA cases). Under *McDonnell Douglas,* the plaintiff must first come forward with enough evidence to state a *prima facie* case of discrimination. *McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973).

In an age discrimination case like this one, the plaintiff must set forth four elements to establish a *prima facie* case. Plaintiff must demonstrate: (1) he is a member of a class protected by the ADEA; (2) he suffered adverse employment action; (3) he was qualified for the position at issue; and (4) he was treated less favorably than others not in the protected class. *Sanchez v. Denver Pub. Schools*, 164 F.3d 527, 531 (10th Cir. 1998).

In this case, defendant asserts that plaintiff cannot establish a *prima facie* case because he cannot establish the fourth element. In particular, defendant relies on the assertion that no one replaced plaintiff after his job separation and since plaintiff's separation, several employees hired by defendant are members of the class protected by the ADEA. Plaintiff counters with authority demonstrating that the status of the employee's former position after his termination is irrelevant to his age discrimination claim. Instead, the Court should look to the "flexible nature of the prima facie formulations."

Viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that plaintiff has presented sufficient evidence to state a prima facie case for age discrimination. Specifically, the Court finds plaintiff is a member of a

class protected by the ADEA, he suffered an adverse employment action and he was qualified for the position at issue. Due to the flexible nature of the prima facie formulation in ADEA cases, the Court finds that plaintiff has shown he was treated less favorably than others not in the protected class, such that he has sufficiently established a *prima facie* case.

Now that plaintiff has demonstrated a *prima facie* case of unlawful discrimination, this three-step analysis shifts the burden of production to an employer to identify a legitimate, nondiscriminatory reason for the adverse employment action. Here, defendant has articulated a legitimate, non-discriminatory reason for plaintiff's forced resignation, namely that "[plaintiff] displayed over time significant shortcomings in the areas of personal character, integrity, candor, responsibility, loyalty and professionalism...." Response, at 13. Thus, the Court finds that the second step of the three-step analysis is satisfied.

The burden now shifts back to plaintiff to prove the employer's proffered reason is pretextual. *Jones*, 2010 WL 3310226 at *2. A plaintiff produces sufficient evidence of pretext when he demonstrates "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." *Jaramillo v. Colo. Judicial Dep't*, 427 F.3d 1303, 1308 (10th Cir. 2005). "When evaluating the sufficiency [of] this evidence, we look to several factors, includ[ing] the strength of the [employee's] prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered on a motion for summary judgment." *Jones*, 2010 WL 3310226, at *7 (internal citation and quotation omitted). "Consequently, once a plaintiff presents evidence

sufficient to create a genuine factual dispute regarding the veracity of a defendant's nondiscriminatory reason, we presume the jury could infer that the employer acted for a discriminatory reason and must deny summary judgment." *Id.*

Under the facts of this case, plaintiff alleges that defendant failed to communicate to plaintiff the host of criticisms arising over an extended period of time. Plaintiff contends this failure to communicate, coupled with the lack of actual complaints against plaintiff in any internal or external records, is evidence of pretext. Viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that plaintiff has submitted sufficient evidence to create a genuine issue of material fact at to whether defendant's reason for plaintiff's forced resignation is pretextual. Accordingly, the Court denies summary adjudication as to plaintiff's age discrimination claim.

B. Disability Discrimination

"The ADA provides that no covered employer shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to ... the hiring ... of employees. 42 U.S.C. § 12112(a). A qualified individual with a disability is an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *McKenzie v. Dovala*, 242 F.3d 967, 969-70 (10th Cir. 2001) (internal quotations omitted). To establish a *prima facie* case of discrimination based on handicap or disability, plaintiff must demonstrate: (1) he has a disability; (2) he is qualified for the position; and (3) his employer discriminated against him because of his disability. *Poindexter v. Atchison, Topeka and Santa Fe Ry. Co.*, 168 F.3d 1228, 1230 (10th Cir. 1999). "A disability is defined by the ADA as: (A) a physical or mental impairment that

substantially limits one or more of the major life activities of such individual; (b) a record of such an impairment; or (C) being regarded as having such an impairment." *McKenzie*, 242 F.3d at 970 (internal quotations omitted).

In this case, defendant asserts that the first prong of the *prima facie* case under the ADA, which requires a showing that plaintiff has a disability, is unmet because plaintiff cannot establish he is disabled. As defendant contends, plaintiff claims to be limited in his ability to exercise and work. Plaintiff counters that working is simply one major life activity, not the test for whether impairments to other major life activities are disabling. Plaintiff further asserts that his request for accommodation is a protected act because he had an objectively reasonable belief that he was disabled at the time and, as a result, should be "regarded as" disabled.

In pertinent part, the ADA regulations define a major life activity as "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i). Having reviewed the parties' submissions, the Court finds that "exercise" is not a major life activity contemplated within the ADA regulations. Plaintiff, therefore, can not establish he is disabled on this basis.

With respect to the major life activity of working, "[t]he term substantially limits means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." 29 C.F.R. § 1630.2(j)(3)(I). In this case, plaintiff asserts authority standing for the proposition that it is error to focus only on the activity of working when other life activities are allegedly impaired. Plaintiff, however, has failed to specifically allege that another major life activity "such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing [or] learning"

7

has been impaired. As there is no other basis of disability alleged, the Court finds that plaintiff has failed to meet of his burden that he has "a physical or mental impairment that substantially limits one or more of the major life activities."

Next, plaintiff asserts that he should be "regarded as" disabled because he had an objectively reasonable belief that he was disabled at the time. An individual is regarded as disabled if he: "(1) [h]as a physical or mental impairment that does not substantially limit major life activities but is treated by a covered entity as constituting such limitation; (2) [h]as a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or (3) [h]as none of the impairments...but is treated by a covered entity as having a substantially limiting impairment." 29 C.F.R. § 1630.2(l). An employer, among other entities, is a covered entity. 29 C.F.R. § 1630.2(b).

Having reviewed the record and construing the evidence in the light most favorable to plaintiff, the Court finds there is a genuine issue of material fact as to whether plaintiff is "regarded as" disabled under the ADA. It is undisputed that plaintiff suffered a heart attack and stroke and requested an accommodation from defendant on this basis. This gives credence to an allegation that plaintiff was either treated by defendant as having a limitation, was subject to the results of attitudes of others toward an impairment, or was treated by defendant as having a substantially limiting impairment.

For purposes of determining whether plaintiff has made out a *prima facie* case of discrimination, the Court finds that plaintiff was qualified for the position which he was forced to resign. Also, given the flexible nature of the *prima facie* formulation, the Court finds that plaintiff has presented evidence that his employer discriminated against him because of his disability, based

8

on the temporal proximity of plaintiff's request for an accommodation and the adverse employment action. This contributes to the inference that plaintiff was forced to resign due to his disability because the sequence of events leading to a discharge may contribute to a permissible inference of discriminatory intent. Thus, the Court finds that plaintiff has established a *prima facie* case of discrimination based on handicap or disability.

Because the Court has concluded that plaintiff set forth a *prima facie* case of discrimination based on handicap or disability, the Court must examine whether defendant proffered a legitimate, nondiscriminatory reason for its decision to terminate plaintiff's employment. Here, defendant asserts that plaintiff's moral and character issues were not in keeping with the values defendant wanted its employees to display. Thus, the Court finds defendant has satisfied its burden.

"Once a defendant articulates a legitimate reason, the plaintiff's burden is only to demonstrate a genuine dispute of material fact as to whether the proffered reasons were unworthy of belief. To avoid summary judgment, a plaintiff need not demonstrate that discriminatory reasons motivated the employer's decision." *Butler v. City of Prairie Vill., Kan.*, 172 F.3d 736, 750 (10th Cir. 1999).

In this case, plaintiff asserts that defendant failed to document and/or communicate deficiencies now claimed to warrant his termination, and the lack of any internal or external record as to defendant's current explanation gives rise to an inference of pretext. Viewing the facts in a light most favorable to plaintiff, the Court concludes that he has alleged sufficient facts to establish genuine issues of material fact on whether defendant's reason for plaintiff's discharge was pretextual. Accordingly, the Court denies summary adjudication as to plaintiff's discrimination based on handicap or disability claim.

C. Retaliation

To establish a *prima facie* case of retaliation under the ADA, plaintiff must demonstrate: (1) protected employee action; (2) adverse action by an employer either after or contemporaneous with the employee's protected action; and (3) a causal connection between the employee's action and the employer's adverse action. *Jarvis v. Potter*, 500 F.3d 1113, 1125 (10th Cir. 2007). As with discrimination claims, if plaintiff establishes his *prima facie* case, the burden shifts to the employer to articulate a non-discriminatory reason for the adverse employment action. If the employer satisfies the burden of production, plaintiff must prove that the employer's reason for the adverse action is pretextual. *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997).

Defendant asserts that plaintiff cannot establish his *prima facie* case because his request for accommodation was not reasonable. The alleged accommodation suggested by plaintiff was that defendant hire another broker or broker assistant to help with his workload. Here, it appears that plaintiff prosecutes his retaliation claim as a matter of Oklahoma public policy, rather than under the ADA. As plaintiff does not dispute that he failed to establish a *prima facie* case for retaliation under the ADA, the Court deems this matter confessed pursuant to Local Civil Rule 7.1(g) and grants summary adjudication as to plaintiff's retaliation claim.

D. *Burk* Tort

Lastly, defendant asserts that plaintiff's state law *Burk* tort claims fail as a matter of law. In *Burk*, the Oklahoma Supreme Court recognized a limited public policy exception to the terminable-at-will rule in cases in which the employee's discharge is contrary to a clear mandate of public policy. *Burk v. K-Mart Corp.*, 770 P.2d 24, 29 (Okla. 1989). "The elements of a claim for wrongful discharge of an at-will employee articulated in *Burk* and its progeny can be summarized.

A viable *Burk* claim must allege (1) an actual or constructive discharge (2) of an at-will employee (3) in significant part for a reason that violates an Oklahoma public policy goal (4) that is found in Oklahoma's constitutional, statutory, or decisional law or in a federal constitutional provision that prescribes a norm of conduct for Oklahoma and (5) no statutory remedy exists that is adequate to protect the Oklahoma policy goal. *Vasek v. Bd. of County Comm'n of Noble County*, 186 P.3d 928, 932 (Okla. 2008).

In this case, defendant asserts that plaintiff's *Burk* tort claim based on the OADA fails because plaintiff has not set forth any evidence establishing that his age, disability or request for reasonable accommodation were significant reasons in defendant's decision to request his resignation. As set forth above, the Court has concluded that plaintiff has actionable claims for both age and disability discrimination. As these claims survive, the Court finds that plaintiff's *Burk* tort claims as premised upon these grounds also survive.

Defendant also asserts that plaintiff has failed to present sufficient facts to support his *Burk* tort retaliation claim based on the Oklahoma Uniform Securities Act. This Act broadly criminalizes dishonest conduct:

> It is unlawful for a person, in connection with the offer, sale, or purchase of a security, directly or indirectly:
>
> 1. To employ a device, scheme, or artifice to defraud;
>
> 2. To make an untrue statement of a material fact or to omit to state a material fact necessary in order to make the statement made, in the light of the circumstances under which it is made, not misleading; or
>
> 3. To engage in an act, practice, or course of business that operates or would operate as a fraud or deceit upon another person.

Okla. Stat. tit. 71, § 1-501. Furthermore, the Act prohibits dishonest conduct in providing investment advice:

> A. It is unlawful for a person that advises others, for compensation, either directly or indirectly, or through publications or writings, as to the value of securities or the advisability of investing in, purchasing or selling securities, or that, for compensation and as part of a regular business, issues or promulgates analyses or reports concerning securities:
>
> 1. To employ a device, scheme, or artifice to defraud another person;
>
> 2. To make an untrue statement of material fact or to omit to state a material fact necessary in order to make the statement made, in the light of the circumstances under which it is made, not misleading; or
>
> 3. To engage in an act, practice, or course of business that operates or would operate as a fraud or deceit upon another person.

Okla. Stat. tit. 71, § 1-502.

Here, plaintiff asserts that he attempted to get defendant to repurchase securities which were misrepresented and, when he did not get a satisfactory response from defendant, advised his clients to write a letter of concern. Specifically, plaintiff contends that defendant had a motive to retaliate in that it was being investigated for undercapitalization and the failure to perform a due-diligence review of the securities in question. Furthermore, plaintiff alleges that Mr. Geary disclosed in his deposition that a significant factor in the termination of plaintiff was his belief that plaintiff had advised investors about certain deficiencies in money-funds that had been sold and advised the investors to file a letter with the company.

"These situations obviously fall under the *Burk* umbrella because an employer cannot condition employment upon an employee's agreement to violate our criminal laws without being subject to a tortious claim of wrongful discharge in violation of public policy." *Hayes v. Eateries,*

*Inc.*, 905 P.2d 778, 789 (Okla. 1995). Viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that plaintiff has submitted sufficient evidence to establish a *Burk* tort retaliation claim based upon the Oklahoma Uniform Securities Act. Specifically, the Court finds that a *Burk* tort has been sanctioned because the retaliatory discharge was claimed to have been motivated by plaintiff's refusal to commit a crime.

The Court, therefore, denies summary adjudication as to plaintiff's *Burk* tort retaliation claim.

IV. CONCLUSION

Accordingly, the Court GRANTS IN PART and DENIES IN PART defendant's motion for summary judgment as follows: the Court GRANTS defendant's motion for summary judgment to the extent plaintiff alleges an ADA retaliation claim and DENIES defendant's motion for summary judgment in all other respects.

**IT IS SO ORDERED this 21st day of September, 2010.**

/s/ Vicki Miles-LaGrange
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE